**Electronically Filed
Intermediate Court of Appeals
30496
17-FEB-2012
08:28 AM**

NO. 30496

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TRACY K.T. OTANI, Claimant-Appellant, v.
STATE OF HAWAI'I, DEPARTMENT OF PUBLIC SAFETY,
Employer-Appellee, Self-Insured

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(AB 2007-279(H) (1-01-10146))

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

In this workers' compensation case, Claimant-Appellant Tracy Otani (Otani) appeals from the Decision and Order (D&O) in Case No. AB 2007-279(H) (1-01-10146) filed on April 8, 2010 by the State of Hawai'i Labor and Industrial Relations Appeals Board (LIRAB).  In the D&O, LIRAB affirmed the May 31, 2007 Decision (Decision) of the Director of Labor and Industrial Relations (Director) (Director's Decision).  The Director found, inter alia, that (1) Employer State of Hawai'i Department of Public Safety (the State) was not liable for Otani's alleged psychological injury and (2) Otani was not entitled to additional temporary total disability (TTD) benefits.  The Director's Decision was entered pursuant to a Stipulation and Settlement Agreement and Order (Agreement and Order) approved and ordered by the Director on January 12, 2006.

On appeal, Otani contends LIRAB erred when it (1) applied Hawaii Revised Statutes (HRS) § 386-82 (1993) to deny Otani's April 5, 2007 claim for a psychological injury and (2)

misapplied HRS § 386-89(c) (1993) to deny Otani's request for TTD benefits.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Otani's points of error as follows:

LIRAB did not err when it affirmed the Director's Decision to deny Otani's request to reopen the 2001 injury case for additional TTD benefits.  Otani contends he is entitled to additional TTD benefits for a recurrence of his injury on June 14, 2005 when he stepped in a hole and "aggravated" his back. Otani states he sought treatment from Ernest Bade, M.D. (Dr. Bade) on June 20, 2005 for that injury.  Otani contends that Dr. Bade's Certificates of Illness or Injury (Certificates) covering the periods of June 20-August 9, 2005; August 15-October 14, 2005; and October 17, 2005-February 15, 2006, were for "work activity aggravating [Otani's] lower back."  Otani fails to provide any additional documentation as to the extent of any illness or injury for which any of the Certificates were submitted.

Because the question before LIRAB was "[w]hether the Director erred in denying [Otani's] request for reopening for additional [TTD] benefits," we look to the standard for reopening a case.  To reopen a workers' compensation case, HRS § 386-89(c) provides that the application must be "supported by a showing of substantial evidence, on the ground of a change in or of a mistake in a determination of fact related to the physical condition of the injured employee[.]"  However, in light of the presumption under HRS § 386-85(1) (1993) that a claim is for a covered injury, the Hawaiʻi Supreme Court has stated that "[w]e do not believe that a showing of substantial evidence is necessary as a prerequisite to a review by the Director or [LIRAB] of an application under subparagraph (c) of HRS § 386-

2

89." De Victoria v. H and K Contractors, 56 Haw. 552, 556, 545 P.2d 692, 696 (1976). "Where . . . the primary issue is whether or not an injury is related to a work accident, a claimant is entitled to the same presumption on review of a case once closed that his claim is for a covered injury as that in an original hearing." De Victoria, 56 Haw. at 561, 545 P.2d at 699-700; see Mitchell v. BWK Joint Venture, 57 Haw. 535, 546, 560 P.2d 1292, 1299 (1977).

In Korsak v. Hawaii Permanente Med. Group, 94 Hawai'i 297, 12 P.3d 1238 (2000), the Hawai'i Supreme Court specifically addressed the question of whether the statutory presumption in favor of the claimant "applies in the context of determining the compensability of subsequent injuries alleged to be work-related as a result of a primary compensable injury." Id. at 305, 12 P.3d at 1246 (footnote omitted). The Hawai'i Supreme Court held that "in any proceeding on a claim for compensation due to an alleged compensable consequence of a work-related injury, HRS § 386-85 creates a presumption in favor of the claimant that the subsequent injury is causally related to the primary injury." Id. at 307, 12 P.3d at 1248 (emphasis added). This presumption of compensability "imposes upon the employer the burden of going forward with the evidence and the burden of persuasion." De Victoria, 56 Haw. at 561, 545 at 699 (citation omitted).

Therefore, it was the State's burden to rebut the presumption of compensability by substantial evidence that Otani's condition was unchanged since the Agreement and Order. Lorne Direnfeld, M.D. (Dr. Direnfeld), in his November 23, 2004 report, indicated that recurrent back pain could be expected, based on Otani's "chronic lumbar strain associated with lumbar spondylosis (age-related, genetically-influenced degenerative disc and joint changes)." On March 7, 2005, the State provided Dr. Bade with a copy of Dr. Direnfeld's November 23, 2004 report, requesting he respond within 30 days if he disagreed with

Dr. Direnfeld's opinion; otherwise, the State would presume his concurrence with the report. Dr. Bade did not respond.

On January 12, 2006, the Director approved and ordered the Agreement and Order, which indicated Otani was 7% partially permanently disabled (PPD). On May 3, 2006, an MRI scan of Otani's lumbar spine was taken and compared with the results of an MRI scan taken on June 22, 2004, showing that Otani's condition was essentially unchanged during that time.

Even presuming Otani's alleged incidents between June and August 2005 caused a change in his physical condition, the State successfully rebutted that presumption when it provided objective data that Otani's condition was unchanged by his alleged injuries. The MRI taken in 2004 before the alleged 2005 incidents and the MRI taken in 2006 after the alleged 2005 incidents revealed no change in Otani's condition.

Because we conclude that LIRAB did not err in denying Otani's request on its merit, we need not address Otani's other point of error that LIRAB did not address the issue of whether the statute of limitations was tolled because of voluntary payments by the employer.

Therefore,

IT IS HEREBY ORDERED that the Decision and Order in Case No. AB 2007-279(H) (1-01-10146) filed on April 8, 2010 by the State of Hawai'i Labor and Industrial Relations Appeals Board is affirmed.

DATED: Honolulu, Hawai'i, February 17, 2012.

On the briefs:

Stanford H. Masui
for Claimant-Appellant.

James E. Halvorson
Richard H. Thomason
Deputy Attorneys General
for Employer-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4